UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAMOND J. ROKER,<br><br>        Plaintiff,<br><br>    -against-<br><br>TWENTIETH CENTURY FOX; FOX BROADCASTING COMPANY; FOX ENTERTAINMENT GROUP; NEWS CORPORATION; COX MEDIA GROUP NORTHEAST, LLC; COX MEDIA GROUP, INC.; KIM GUTHRIE; BRETT FENNELL; JEAN C. FUENTES,<br><br>        Defendants. | 20-CV-5350 (LLS)<br><br>TRANSFER ORDER |

LOUIS L. STANTON, United States District Judge:

  Plaintiff, currently incarcerated in Northwest Correctional Complex in Tennessee, brings this *pro se* action, asserting claims under Title VII of the Civil Rights Act, and invoking the Court's diversity jurisdiction, 28 U.S.C. § 1332. For the following reasons, this action is transferred to the United States District Court for the District of Tennessee.

  Under 28 U.S.C. § 1391(b), a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

  For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

In addition, venue for Title VII claims lies "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(f)(3).

Plaintiff alleges that in 2003, he filed a race discrimination charge against his employer, WHBQ-TV/Fox Channel 13, in Memphis, Tennessee. (ECF 32 at 6.) In January 2004, the Equal Employment Opportunity Commission's office in Memphis, Tennessee, mediated a settlement between Plaintiff and Fox Channel 13 and its parent company.

Some years after Plaintiff left Fox Channel 13, he founded Redemptive Life Church, Inc., in Memphis, Tennessee, and was featured on local and national television. On July 3, 2016, WHBQ-TV/Fox Channel 13 broadcast a story titled, "Memphis pastor charged with raping a girl multiple times." (*Id.* at 39.) On July 4, 2016, WHBQ-TV/Fox Channel 13 published a "false and misleading" story about Plaintiff's arrest for domestic violence in 2006; the story was titled, "Fox13 uncovers violent past of Memphis Pastor DJ Roker." (*Id.*) Plaintiff contends that WHBQ-TV/Fox Channel 13 failed to report that the 2006 charges against him were dropped in 2008, after the victim withdrew her statement. Plaintiff asserts state law claims for defamation, libel, false light invasion of privacy, infliction of emotional distress, and alleges that Fox Channel 13 published these misleading stories in retaliation for his discrimination suit and in violation of the non-disparagement clause of the settlement agreement.

Plaintiff sues two individuals who he identifies as employees of Cox Media Group Northeast, LLC, in Georgia (Defendants Kim Guthrie and Brett Fennell), and Jean Fuentes, identified as working for "Fox Corp." in New York. Plaintiff also sues entities that currently or

2

previously owned Fox Channel 13, for which he provides addresses in New York, Washington D.C., and Georgia. (ECF 32 at 4-5.) Because Plaintiff's allegations show that, for example, some of the individual defendants reside outside New York, party-based venue does not lie in this district under section 1331(b)(1), which requires that all defendants reside in the State in which the district is located. The facts alleged in the complaint also reflect that Plaintiff's claims arose outside this district and therefore venue does not lie in this district under section 1331(b)(2).[1] Venue for Plaintiff's tort claims is therefore not proper in this district under the general venue provision.

Plaintiff does allege that "relevant employment records are being held in [New York] by the defendants Fox Corporation." (ECF 32 at 1.) Under section 2000e-5(f)(3), this could be a basis for venue in this district over Plaintiff's Title VII claim. Plaintiff also alleges, however, that WHBQ-TV, Fox Channel 13, was owned by Fox Television Stations, Inc. ("FTSI") in New York, but it is now owned by Cox Media Group Northeast, LLC, for which he provides an address in Atlanta, Georgia. (*Id.* at 4-5, 27) ("Presently Cox Media Group Northeast, LLC., is the owner of record . . .[but o]nly within recent years did Fox Corp. divest WHBQ-TV/Fox 13 . . . ."). It is therefore unclear that records of Plaintiff's prior employment in Tennessee are still maintained in New York, in light of Plaintiff's allegations that a Georgia company now owns Fox Channel 13. Moreover, Plaintiff's allegations that his employment records are (or were) in New York relate only to Plaintiff's Title VII claim, and do not provide a basis for venue in New York over Plaintiff's state law claims.

---

[1] In the August 24, 2020 order to amend, the Court notified Plaintiff that if he filed an amended complaint, the Court would consider whether to transfer it to the Western District of Tennessee. (ECF 11 at 9.) Plaintiff thereafter voluntarily dismissed the complaint but later moved to reopen this action, and the Court granted him an additional opportunity to amend the complaint. (ECF 14, 19-20, 23.) On May 25, 2021, Plaintiff filed the operative third amended complaint. (ECF 32.)

Venue for Plaintiff's Title VII claims is proper under section 2000e-5(f)(3), in the Western District of Tennessee, where Plaintiff worked, and his employment discrimination claims arose. *See* 28 U.S.C. § 123(c)(2) (Memphis is in the Western District of Tennessee). Moreover, under section 1331(b)(2), venue for Plaintiff's tort claims is also proper in the Western District of Tennessee, because the events giving rise to Plaintiff's claims took place within that district.

Even if venue of Plaintiff's Title VII claims is proper here, the Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426-27 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established.") (citation omitted).

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the

totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001). Here, Plaintiff does not reside in New York, and the operative events did not occur here. Moreover, venue does not lie in this district for all of Plaintiff's claims.

Based on the totality of the circumstances, the Court concludes that it is in the interest of justice to transfer this action to the United States District Court for the Western District of Tennessee. 28 U.S.C. §§ 1404(a), 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Western District of Tennessee. A summons shall not issue from this Court. This order closes the case in the Southern District of New York.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   June 9, 2021
         New York, New York

                                                    *Louis L. Stanton*
                                                    Louis L. Stanton
                                                    U.S.D.J.

5