IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| DAMOND J. ROKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 21-cv-2411 |
| | ) | |
| TWENTIETH CENTURY FOX;FOX | ) | |
| BROADCASTING COMPANY;FOX | ) | |
| ENTERTAINMENT GROUP;NEWS | ) | |
| CORPORATION;COX MEDIA GROUP | ) | |
| NORTHEAST, LLC;COX MEDIA | | |
| GROUP, INC.;KIM GUTHRIE; | | |
| BRETT FENNELL; JEAN C. | | |
| FUENTES, | | |
| | | |
| Defendants. | | |

**ORDER**

Before the Court are two motions: Plaintiff Damond J. Roker's ("Roker") Motion for Appointment of Counsel (D.E. 33.) and Roker's Motion to Effect Service Upon the Defendants. (D.E. 34.) For the following reasons, Roker's Motion for Appointment of Counsel is DENIED and his Motion for Service is GRANTED.

**I.   Background**

From 2002 to 2004, Roker was employed as a broadcast photojournalist for local news station WHBQ-TV Fox 13 TV ("Fox 13"). (D.E. 32.) Fox 13 is affiliated with Twentieth Century Fox, FOX Entertainment Group, Inc., Fox Broadcasting Company,

and News Corporation (collectively "Fox"). (Id.) Fox 13 is owned by Cox Media Group. (Id.) In August 2003, Roker filed a complaint against Fox 13 with the U.S. Equal Employment Opportunity Commission ("EEOC") claiming racial discrimination in violation of Title VII of the Civil Rights Act. (Id.) The parties agreed to a settlement in January 2004. (Id.) The settlement contained a non-disparagement clause. (Id.)

Roker later founded Redemptive Life Church, Inc. ("RLC"), a Tennessee-based religious non-profit. (Id.) He was a pastor at RLC, and his services were televised. Roker was also a guest on local and nationally syndicated Christian television and radio broadcasts.

In 2016, Roker was arrested on charges of aggravated rape and aggravated assault. (Id.) Roker pled guilty to the charges. (Id.) Fox 13, as part of its coverage, detailed Roker's 2006 arrest for domestic assault. (Id.) Roker believes that Fox 13 knowingly reported a "false and misleading" story because it failed to report that the 2006 charges were dropped in 2008, after the victim had withdrawn her statement. (Id.) Roker initiated an action with the EEOC against Fox and Fox 13, claiming race discrimination and retaliation. (Id.) The EEOC issued a 90-day Right to Sue Letter. (Id.) Roker filed suit in the Southern District of New York, asserting, inter alia, Title VII claims, breach of contract, defamation, libel, and negligent

infliction of emotional distress. He names Fox, Fox 13, Cox Media, Cox employees Kim Guthrie and Brett Fennell, and Fox employee Jean C. Fuentes as Defendants. On July 16, 2020, Roker applied to proceed in forma pauperis, and on August 7, 2020, the Southern District of New York granted his request. (D.E. 4; D.E. 8.)

On June 8, 2021, Roker filed the present motions. (D.E. 33; D.E. 34.) On June 9, 2021, the Southern District of New York transferred the case to the Western District of Tennessee under 28 U.S.C. §§ 1404(a) and 1406(a). (D.E. 35.) Roker is currently incarcerated in Northwest Correctional Complex in Tennessee. (Id.)

## II. Standard of Review

### A. Appointment of Counsel

The Court has discretion to appoint counsel to plaintiffs proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel.")

### B. Service of Process

Under 28 U.S.C. § 1915, officers of the court shall issue and serve all process for plaintiffs proceeding in forma pauperis. See Reed-Bey v. Pramstaller, 607 F. App'x 445, 450 (6th Cir. 2015) ("When a plaintiff is proceeding in forma pauperis, the district court bears the responsibility for issuing

the plaintiff's process to a United States Marshal, who must effect service upon the defendants once the plaintiff has properly identified them."); Byrd v. Stone, 94 F.3d 217, 219 (6th Cir. 1996) ("officers of the court shall issue and serve all process when a plaintiff is proceeding in forma pauperis") (internal quotations omitted); see also Fed. R. Civ. P. 4(c)(3) ("At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915[.]").

**III. Analysis**

**A. Appointment of Counsel**

Appointment of counsel in a civil case must be justified by exceptional circumstances. Lavado v. Keohane, 992 F.2d 601, 606 (6th Cir. 1993). In determining whether exceptional circumstances exist, courts examine the type of case and the plaintiff's ability to represent himself, which often involves a determination of the complexity of the factual and legal issues involved. Id. (internal citations and quotations omitted). Appointment of counsel is not appropriate when a pro se litigant's claims are frivolous or when his chances of success are slim. Id.

There are currently no exceptional circumstances that warrant appointment of counsel. Roker has a slim chance of success on many of his claims. He has adequately represented himself thus far. Roker's Motion for Appointment is DENIED.

### B. Service of Process

As a plaintiff proceeding in forma pauperis, Roker is entitled to service of process made by a United States Marshal. 28 U.S.C. § 1915(d). He must take reasonable steps to "identify for the court the defendants named in the complaint." Byrd, 94 F.3d at 219. Roker has provided names and addresses for all Defendants named in the Third Amended Complaint. (D.E. 32.) He has taken reasonable steps to identify the Defendants in this case. His Motion for Service of Process is GRANTED.

### IV. Conclusion

For the foregoing reasons, Roker's Motion for Appointment of Counsel is DENIED and his Motion for Service of Process is GRANTED.

So ordered this 18th day of November, 2021.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE