```
              IN THE UNITED STATES DISTRICT COURT
                 WESTERN DISTRICT OF TENNESSEE
                        WESTERN DIVISION
```

| | |
|---|---|
| DAMOND J. ROKER, SR., | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 21-cv-02411-SHM-tmp |
| | ) |
| TWENTIETH CENTURY FOX; FOX BROADCASTING COMPANY/FOX TELEVISION STATIONS, INC., D/B/A WHBQ-TV, FOX CHANNEL 13; FOX ENTERTAINMENT GROUP; NEWS CORPORATION; COX MEDIA GROUP, INC.; COX MEDIA GROUP NORTHEAST, LLC D/B/A WHBQ-TV, FOX 13; KIM GUTHRIE; BRETT FENNELL; JEAN C. FUENTES, | ) |
| Defendants. | |

**ORDER**

Plaintiff Damond J. Roker, Sr., has asserted a variety of claims[1] against a variety of defendants,[2] arising from a news story published in 2016. (ECF No. 42 at 5.) Before the Court are Defendant Cox Media Group, LLC's Motion to Dismiss with an accompanying Memorandum and Defendant WHBQ (Memphis) LLC's Motion to Dismiss with an accompanying Memorandum (collectively "the Motions"). (ECF Nos. 61, 62, 64, 65.) Roker responded to the Motions on April 4, 2022. (ECF No. 76.) The Motions assert that Plaintiff's claims are time-barred or fail to state a claim. (ECF No. 61 at 1.) The Motions also both assert that the Complaint is procedurally improper under 28 U.S.C. § 1915(g). For the following reasons, it is hereby **ORDERED** that Plaintiff shall submit the full filing fee under 28 U.S.C. § 1914. Failure to do so will result in dismissal of this action with prejudice.

I.  **Background**

In 2003, Plaintiff brought a Title VII claim against his then-employer WHBQ-TV/Fox13. (ECF No. 42 at 5.) The dispute was

---

[1] Roker alleges Title VII Retaliation claims; Breach of Contract; Defamation, Libel, False-Light Invasion of Privacy; Title VII Negligence claims for Failure to Train, Failure to Supervise, Failure to Act, and Negligent Supervision or Retention; Negligent Infliction of Emotional Distress; Unjust Enrichment; and Vicarious Liability. (ECF No. 42 at 5.) Roker has voluntarily dismissed his Title VII negligence claims. (ECF No. 76 at 15.)

[2] Roker brings claims against Twentieth Century Fox; Fox Broadcasting Company/Fox Television Stations, Inc., d/b/a WHBQ-TV, Fox Channel 13; Fox Entertainment Group; News Corporation; Cox Media Group, Inc.; Cox Media Group Northeast, LLC d/b/a WHBQ-TV, Fox 13; Kim Guthrie; Brett Fennell; and Jean C. Fuentes (hereinafter the "Defendants"). (ECF No. 42 at 4.)

resolved by a settlement agreement. (Id.) In 2016, Plaintiff was arrested on charges of rape and sexual assault, to which he entered an Alford Plea. (Id.; ECF No. 62 at 6.) Plaintiff claims that in 2020 he discovered a news story about him from 2016 that was published by WHBQ-TV/Fox13. (ECF No. 42 at 5.) He claims the story included details of a 2006 arrest that the publisher knew to be false. (Id.) He also claims WHBQ-TV/Fox13 is owned, inter alia, by 20th Century Fox, News Corporation, and Fox Entertainment Group. (Id.)

Based on the news story, Roker filed this suit against the Defendants, alleging, inter alia, Retaliation under Title VII, breach of contract, and a variety of defamation-related claims. (Id. at 5.) Plaintiff initially brought suit in the United States District Court for the Southern District of New York. (ECF No. 1.) The Southern District granted Plaintiff's request to proceed in forma pauperis without considering whether Plaintiff was disqualified for pauper status under § 1915(g). (ECF No. 8.) On June 9, 2021, the Southern District transferred the case to this Court. (ECF No. 35.)

**II.  Jurisdiction**

A federal district court has original jurisdiction of all civil actions between citizens of different states "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)(1). The

Court has original diversity jurisdiction over this case. There is complete diversity. The Plaintiff is domiciled in Tennessee, and each of the Defendants is domiciled elsewhere: Twentieth Century Fox, Fox Broadcasting Company, Fox Television Stations, Fox Entertainment Group, and News Corporation in New York and Delaware; Cox Media Group, Inc. in Delaware and Georgia; Cox Media Group Northeast, LLC in Delaware and Washington, D.C.; Kim Guthrie and Brett Fennell in Georgia; and Jean C. Fuentes in New York. (ECF. No. 42 at 2.) The requested relief of $5,000,000 exceeds the statutory requirement. (ECF No. 42 at 41.)

**III. Analysis**

Twenty-eight U.S.C. § 1915 allows an indigent litigant to initiate an action in federal court without paying the full filing fee prior to the start of litigation. Simons v. Washington, 996 F.3d 350, 352 (6th Cir. 2021). Instead, indigent litigants can use a payment plan that spreads payments over time and considers the litigant's ability to pay. U.S.C. 1915(a)-(b). To decrease the number of frivolous lawsuits relying on § 1915, Congress enacted the Prison Litigation Reform Act (the "PLRA") in 1995. 42 U.S.C. § 1997e; see also Jones v. Bock, 549 U.S. 199, 203 (2007). Among other reforms, the PLRA amended 28 U.S.C. § 1915. Prison Litigation Reform Act of 1995, S. 866, 104th Cong. § 2 (1995). Twenty-eight 28 U.S.C. § 1915(g) now provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Cox Media Group and WHBQ (Memphis) LLC represent that Plaintiff has three qualifying strikes under 28 U.S.C. § 1915(g). (ECF No. 62 at 6; ECF No. 64 at 11.) They both ask this Court to dismiss the filing or require Plaintiff to pay the full filing fee before litigation can proceed. (Id.)

Plaintiff responds that he has not exhausted his "three strikes." (ECF No. 76 at 7.) He concedes that he has exhausted two strikes based on the dismissals of Roker v. Moore, No 2:17-cv-02486-JTF-dkv (W.D. Tenn. Mar. 29, 2018) and Roker v. City of Memphis, No. 21-cv-2271-SHM-tmp (W.D. Tenn. June 24, 2021). (ECF No. 76 at 7.) He maintains that he has not exhausted his third strike because his appeal in Roker v. Moore, No. 19-5091 (6th Cir. Apr. 26, 2019), was dismissed for lack of jurisdiction, a ground for dismissal that he says does not count as a strike under the text of § 1915(g). (ECF No. 76 at 7.) Roker also says the Sixth Circuit failed to warn him that dismissing the appeal counted as a strike. (Id.)

5

It is not disputed that dismissal in the district court and on appeal on separate grounds count as separate strikes. E.g., Cole v. Vannoy, 741 Fed.Appx. 240, 241-42, (5th Cir. 2018); see also Taylor v. First Med. Mgmt., 508 Fed.Appx. 488, 494 (6th Cir. 2012). Although Plaintiff is correct that dismissal for lack of jurisdiction does not appear in the text of § 1915(g), Defendant is correct that claims that are time-barred are frivolous. Dellis v. Corr. Corp. of Am., 257 F.3d 508, 511 (6th Cir. 2001). Here, the Sixth Circuit unequivocally based its dismissal on Plaintiff's failure to timely file, Moore, No. 19-5091 at 2. The dismissal counts as Plaintiff's third strike.

That the Sixth Circuit did not notify Plaintiff that its dismissal counted as a strike is not dispositive. The Sixth Circuit has held that a district court may recommend that a future court treat its dismissal of a case as a strike. Simons, 996 F.3d at 353 (emphasis added). A recommendation to a future court is not the same as a warning to a current plaintiff. The Sixth Circuit has decided that a district court could recommend that a dismissal count as a strike. Id. Section 1915(g) does not require the district court to make a strike determination for the purpose of warning the plaintiff. The Sixth Circuit's statement that "it often will make sense for the court that

6

dismisses a prisoner's suit to make a non-binding strike recommendation," id., demonstrates that warnings to plaintiffs are discretionary, not required.

The PLRA allows a litigant with three strikes to file without paying the full fee at the outset of litigation if he can show that he is in imminent danger of serious physical injury when he brings his complaint. 28 U.S.C. § 1915(g). Roker does not contend that he was in imminent danger. The exception does not apply. (See ECF No. 76.)

**IV. Conclusion**

Because Roker has three strikes and does not meet the imminent danger exception, he must pay the filing fee in full to proceed with this civil action. It is hereby **ORDERED** that Roker shall submit within TWENTY-ONE (21) DAYS of this Order the FULL $402 CIVIL FILING FEE.[3] If Roker fails to timely comply, this case will be dismissed with prejudice and judgment will be entered without further notice.

SO ORDERED this 19th day of September, 2022.

/s/ *Samuel H. Mays, Jr.*

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

---

[3] The civil filing fee is $350. 28 U.S.C. § 1914(a). Under § 1914(b) and the Schedule of Fees set out following the statute, an administrative fee of $52 for filing any civil case also is required. (See https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.)