IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| DAMOND J. ROKER, SR. d/b/a BISHOP DJ ROKER a/k/a D.J. ROKER,  Plaintiff,  v.  TWENTIETH CENTURY FOX, FOX BROADCASTING COMPANY/FOX TELEVISION STATIONS, INC. d/b/a WHBQ-TV/FOX 13 (MEMPHIS), JEAN C. FUENTES, NEWS CORPORATION, COX MEDIA GROUP NORTHEAST, LLC,  Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 21-cv-2411-SHM-tmp |

**ORDER**

Plaintiff Damond J. Roker, Sr. has sued Twentieth Century Fox, Fox Broadcasting Company/Fox Television Stations, Inc. d/b/a WHBQ-TV/Fox 13 (Memphis), Jean C. Fuentes, News Corporation, and WHBQ (Memphis), LLC ("WHBQ") under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e-2000e17 ("Title VII") and state law.[1] (ECF No. 40.) Before the Court are Plaintiff's Motion asking the Court to recognize WHBQ (Memphis), LLC as the same entity as Cox Media

---

[1] WHBQ (Memphis), LLC is referred to in previous filings and orders as Cox Media Group Northeast, LLC. For the reasons discussed in Section IV.A, this Defendant is properly referred to as WHBQ (Memphis), LLC.

Group Northeast, LLC, (ECF No. 114), Plaintiff's Motion to Make ECF No. 40 the Operative Complaint, (ECF No. 120), Plaintiff's Motion to Incorporate the Sixth Circuit's decision in <u>Roker v. City of Memphis</u>, No. 21-6018 (6th Cir. 2022), (ECF No. 131), Plaintiff's Motion to Compel Arbitration, (ECF No. 83), Defendant WHBQ (Memphis), LLC's Motion to Dismiss, (ECF No. 64), and a sealed version of that Motion to Dismiss, (ECF No. 65.) For the following reasons, Plaintiff's Motion asking the Court to recognize WHBQ (Memphis), LLC as the same entity as Cox Media Group Northeast, LLC is **GRANTED**, Plaintiff's Motion to treat ECF No. 40 as the Operative Complaint is **GRANTED**, Plaintiff's Motion to Incorporate the Sixth Circuit Ruling is **DENIED** as moot, Plaintiff's Motion to Compel Arbitration is **DENIED**, and WHBQ's Motion to Dismiss is **GRANTED** with prejudice as to the federal claims against WHBQ and without prejudice as to the state-law claims against WHBQ.

I.   **Background**

In July 2016, WHBQ-TV/Fox 13 produced and aired a news story containing information about Roker's 2006 arrest for domestic assault on an ex-girlfriend. (ECF No. 40 at 5.) Roker alleges that he learned about the 2016 news story on February 15, 2020. (<u>Id.</u>) Roker claims that WHBQ-TV/Fox 13, as well as its parent company and subsidiaries, which he has named as Defendants in this case, knew the information in the story was false. (<u>Id.</u>) He also claims

that publishing negative information about him violated a settlement agreement he reached with his employer in 2004. (Id. at 23.)

Roker initially brought suit by filing a Motion to Compel Arbitration in the United States District Court for the Southern District of New York on July 7, 2020. (ECF No. 1.) On June 9, 2021, that court transferred the case to this Court sua sponte. (ECF No. 35.) Over the course of two years, Plaintiff has filed multiple amended complaints. (ECF Nos. 3, 16, 32, 40, 42.) Plaintiff alleges (1) Breach of Contract; (2) Defamation, Libel, False-Light Invasion of Privacy; (3) Title VII Failure to Train (Negligence); (4) Title VII Failure to Supervise (Negligence); (5) Title VII Failure to Act (Negligence); (6) Title VII Negligent Supervision and/or Retention; (7) Negligent Infliction of Emotional Distress; (8) Unjust Enrichment; (9) Vicarious Liability; (10) Title VII Retaliation; and (11) Title VII Discrimination. (ECF No. 40.)

On March 14, 2022, Defendant WHBQ filed a Motion to Dismiss on the grounds that Plaintiff is ineligible to proceed in forma pauperis and that Plaintiff fails to state a claim on which relief can be granted. (ECF Nos. 64, 65.) On April 4, 2022, Plaintiff filed a response to the Motion to Dismiss. (ECF No. 76.) On September 19, 2022, the Court temporarily granted the Motion to Dismiss on the ground that Plaintiff had been improperly granted in forma pauperis status and was ineligible to proceed unless he

3

paid the required fees. (ECF No. 121.) On October 27, 2022, Plaintiff paid the filing fee in full, and the case was reopened. (ECF No. 128.)

On April 11, 2022, Plaintiff filed a Motion to Compel Arbitration. (ECF No. 83.) On April 25, 2022, WHBQ filed a Response in Opposition to Plaintiff's Motion. (ECF No. 89.) On August 18, 2022, Plaintiff filed a Motion asking the Court to recognize WHBQ (Memphis), LLC as the same entity as Cox Media Group Northeast, LLC. (ECF No. 114.) WHBQ responded on September 1, 2022. (ECF No. 118.) On September 1, 2022, Plaintiff filed a motion asking the Court to recognize ECF No. 40 as the operative complaint. (ECF No. 120.) WHBQ has not responded.

## II. Jurisdiction

### A. Federal Question Jurisdiction

Federal district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Plaintiff brings claims under Title VII of the Civil Rights Act. (ECF No. 40.) The Court has federal question jurisdiction.

### B. Diversity Jurisdiction

Roker alleges that the Court also has subject-matter jurisdiction based on diversity. (ECF No. 40 at 1.) The party invoking jurisdiction bears the burden of proving that the federal court has diversity jurisdiction. Varsity Brands, Inc. v. Star

4

Athletica, LLC, 799 F.3d 468, 494 (6th Cir. 2015). Roker has not established diversity jurisdiction. He lists the residency, principal place of business, and state of incorporation of each Defendant for which that information is required. (ECF No. 40 at 2.) However, Defendant WHBQ is a limited liability company. A limited liability company is a citizen of each state in which its members reside. Varsity Brands, Inc., 799 F.3d at 494. Although Roker alleges WHBQ's principal place of business and state of "incorporation," he does not allege or otherwise establish its members or their state of residency. Because he has failed to establish complete diversity, Roker has failed to establish diversity jurisdiction.

**C. Supplemental Jurisdiction**

A district court can exercise supplemental jurisdiction over claims that are so related to the claims forming the basis of original jurisdiction that they form part of the same case or controversy. 28 U.S.C. § 1367(a). The district court may decline to exercise supplemental jurisdiction when the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(2).

A federal court that has dismissed all federal claims should not ordinarily reach state-law claims. Moon v. Harrison Piping Supply, 465 F.3d 719, 728 (6th Cir. 2006). Trial courts have some discretion to decide pendent state-law claims after all federal

5

claims have been dismissed.[2] Aschinger v. Columbus Showcase Co., 934 F.2d 1402, 1412 (6th Cir. 1991). In deciding whether to resolve a pendent state-law claim on the merits, a trial court "must balance the interests in avoiding needless state law decisions . . . against the 'commonsense' policies of judicial economy. . . ." Id.

The Court is dismissing all federal claims. See § IV. Exercising jurisdiction over the state-law claims would be inappropriate here. Needless state-law decisions should be avoided as a matter of comity and to ensure "a surer-footed reading of applicable law." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966). Resolution of the state-law issues in this case requires consideration of the applicable statutes of limitations and the elements necessary to survive a motion to dismiss. Those standards vary for each claim. Applying the discovery rule, a rule that determines whether the statute of limitations is measured from the time the incident occurred or the time the plaintiff learned of the incident, requires an independent analysis of Tennessee tort law for each claim.

Judicial economy does not support the exercise of supplemental jurisdiction. In Aschinger and in Province v.

---

[2] Pendent jurisdiction and ancillary jurisdiction were codified under the term supplemental jurisdiction in 28 U.S.C. § 1367. The Court uses the term pendent jurisdiction here to be consistent with the cited cases. The term is meant to be used interchangeably with supplemental jurisdiction.

6

Cleveland Press Publishing Co., 787 F.2d 1047, 1054 (6th Cir. 1986), the Sixth Circuit has upheld the exercise of supplemental jurisdiction because the resolution of the state and federal claims rested on substantially similar factual determinations and substantial resources had already been spent litigating in federal court. Aschinger, 934 F.2d at 1412-1423; Province, 787 F.2d at 1055. Although the claims here arise from the same set of facts, they require application of different legal standards. Although the parties have engaged in extensive briefing, this case remains in the dispositive motion phase.

The balance between preserving judicial economy and avoiding the needless decision of state-law issues favors refraining from exercising supplemental jurisdiction in this case.

**III. Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When evaluating a motion to dismiss for failure to state a claim, a court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A court must construe the complaint in the light most favorable to the plaintiff and draw all reasonable inferences in

7

his favor. Golf Vill. N., LLC v. City of Powell, 14 F.4th 611, 617 (6th Cir. 2021) (citing Cahoo v. SAS Analytics, Inc., 912 F.3d 887, 897 (6th Cir. 2019)).

If the court decides, in light of its judicial experience and common sense, that the claim is not plausible, the case may be dismissed at the pleading stage. Iqbal, 556 U.S. at 679. The "[f]actual allegations must be enough to raise a right to relief above the speculative level." Ass'n Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (quoting Twombly, 550 U.S. at 555). A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

**IV. Analysis**

    **A.   Motion asking the Court to recognize WHBQ (Memphis), LLC as the same entity as Cox Media Group Northeast, LLC**

Plaintiff asks the Court to recognize WHBQ (Memphis), LLC as the same entity as Cox Media Group Northeast, LLC. (ECF No. 114.) Defendant WHBQ opposes the Motion, which it construes as asking the Court to rule that Cox Media Group Northeast, LLC, not WHBQ (Memphis), LLC, is the correct Defendant in this case. (ECF No. 118.) WHBQ (Memphis), LLC attaches an exhibit showing that Cox Media Group Northeast, LLC changed its name to WHBQ

(Memphis), LLC in 2020. (ECF No. 118-1.) The Exhibit shows that WHBQ (Memphis), LLC is properly identified as the Defendant in this case. Because the Motion is to recognize WHBQ (Memphis), LLC as the same entity as Cox Media Group Northeast, LLC, not to recognize Cox Media Group Northeast, LLC as the proper Defendant, the Motion is **GRANTED**.

### B. Motion to Recognize ECF No. 40 as the Operative Complaint

Plaintiff has filed a Motion to recognize the Fourth Amended Complaint as the operative complaint and to delete the Fifth Amended Complaint from the record. (ECF No. 120.) WHBQ has not responded. Plaintiff explains that the Fifth Amended Complaint is substantively identical to the Fourth Amended Complaint except that it lacks the exhibits attached to the Fourth Amended Complaint. (Id.) He represents that the Fifth Amended Complaint was filed in error. (Id.) The Court has reviewed the Fourth and Fifth Amended Complaints and confirmed that they are substantively identical. Plaintiff's Motion to treat the Fourth Amended Complaint as the operative complaint is **GRANTED**.

WHBQ's Motion to Dismiss addresses the Fifth Amended Complaint. (ECF No. 64.) Because the complaints are identical, the Court will consider the arguments in the Motion to Dismiss in deciding whether to dismiss the Fourth Amended Complaint.

9

### C. Motion to Incorporate the Sixth Circuit Decision in <u>Roker v. City of Memphis</u>

Roker asks the Court to incorporate the Sixth Circuit's decision in <u>Roker v. City of Memphis</u>, No. 21-6018 (6th Cir. 2022), and to evaluate his state-law claims in this case in light of a purported change in the law based on the Sixth Circuit's decision. In <u>Roker v. City of Memphis</u>, the Sixth Circuit reversed dismissal of Roker's state-law claims with prejudice because a federal court that has dismissed a plaintiff's federal law claims should not ordinarily reach his state-law claims. <u>Roker v. City of Memphis</u>, No. 21-6018 (6th Cir. 2022). <u>Roker</u> did not change the law. This Court is bound by Sixth Circuit precedent. The issues here have been evaluated based on all applicable caselaw, including <u>Roker v. City of Memphis</u>. Roker's Motion to Incorporate is **DENIED** as moot.

### D. Motion to Compel Arbitration

Relying on the Federal Arbitration Act, 9 U.S.C. §§ 1 <u>et seq.</u>, (the "FAA") and caselaw underscoring the FAA's purpose and importance, Plaintiff argues that this case should be submitted to arbitration pursuant to a settlement agreement between Plaintiff and Fox Television Stations, Inc. (ECF No. 83.) That agreement covers all entities affiliated with Fox Television Stations, Inc., including WHBQ. (<u>Id.</u>) Although the FAA embodies

"a liberal policy favoring arbitration," AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 339 (2011), "it has long been settled that a party can waive its contractual right to arbitration." Johnson Associates Corp. v. HL Operating Corp., 680 F.3d 713, 717 (6th Cir. 2012). Waiver requires a showing that a party acted in a manner "completely inconsistent with any reliance on an arbitration agreement" and "delays asserting arbitration 'to such an extent that the opposing party incur[red] actual prejudice.'" Shy v. Navistar Intern. Corp, 781 F.3d 820, 827-28 (6th Cir. 2015) (quoting Hurley v. Deutsche Bank Trust Co. Americas, 610 F.3d 334, 338 (6th Cir. 2010)). Inconsistent action and actual prejudice must both be present. Shy, 781 F.3d at 828. Waiver is not to be inferred lightly. Hurley, 610 F.3d at 338.

Plaintiff began this litigation by filing a Motion to Compel Arbitration. (ECF No. 1.) Nine days later, without direction from the Court, he changed course, filing an amended complaint seeking injunctive relief and monetary damages, or, in the alternative, an order compelling arbitration. (ECF No. 3 at 5.) Less than one month later, Plaintiff filed another Motion to Compel Arbitration that was nearly identical to the first. (ECF No. 10.) On August 12, 2020, the Southern District of New York, which originally had jurisdiction over this case, ordered

11

Plaintiff to amend his complaint without addressing the Motion to Compel. (ECF No. 11.) Plaintiff proceeded to litigate the case in federal court. He amended his complaint several times and filed numerous motions. On April 11, 2022, nearly two years after the last mention of arbitration, Plaintiff filed this new Motion to Compel. (ECF No. 83.) Plaintiff does not dispute that he has failed to file a request to arbitrate with the relevant arbitration organization and failed to pay the required arbitration fees. (ECF No. 96.)

Although Plaintiff began the litigation by filing a Motion to Compel Arbitration, his actions, when considered in their entirety, are inconsistent with a desire to arbitrate. The Sixth Circuit has found waiver of an arbitration provision where the movant waited two years to submit a motion to compel arbitration and actively litigated in federal court during the intervening period. Hurley, 610 F.3d at 338. As in Hurley, Plaintiff has not only responded to opposing motions without pursuing arbitration, he has made numerous filings of his own.

This case differs from Hurley in that Plaintiff's Motion to Compel is not the first time he has raised the issue of the arbitration agreement. However, the initial attempt to compel arbitration is not dispositive when followed by extensive activity demonstrating an intent to litigate on the merits in

12

federal court. If the initial attempt to arbitrate were sufficient to preclude waiver, a party could file a motion to compel arbitration, proceed with years of litigation in the hope of obtaining a favorable result in federal court, and then, on receiving an adverse result, renew its motion to compel. That loophole would allow a party to "deliberately delay demanding arbitration as a means of nullifying all that happened in the court case, foster[ing] rather than deter[ring] the worst things about litigation." AFS Logistics, LLC v. Cochran, 3:16-cv-3139, 2017 WL 4947512, at *6 (M.D. Tenn. Oct. 31, 2017) (internal quotations omitted).

Defendant WHBQ would suffer actual prejudice if the Motion to Compel were granted. WHBQ has spent time and resources responding to Plaintiff's amended complaints. Compelling arbitration would force reconsideration of the issues and further delay resolution of this matter. Plaintiff does not dispute that WHBQ would suffer actual prejudice. (ECF No. 96.)

### E. Motion to Dismiss
#### 1. Title VII Retaliation and Discrimination Claims

A litigant has 300 days from the time the alleged unlawful conduct occurred to file a claim. National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 110 (2002). Plaintiff alleges the retaliatory

13

news story on which he bases his claims was published between July 1, 2016, and July 31, 2016. (ECF No. 40 at 5.) Plaintiff claims he filed a Letter of Complaint with the Equal Employment Opportunity Commission ("EEOC") on September 14, 2020. (ECF No. 76 at 9.) Although the retaliation claim was filed more than four years after the story was published, Plaintiff argues that his claim was timely because it was filed 212 days after he discovered the story. (Id.) Plaintiff does not provide, and the Court is not aware of, any caselaw governing Title VII claims that recognizes a distinction between when the alleged offense occurs and when the Plaintiff discovers it. See Vaughn v. Louisville Water Co., 302 F. App'x 337, 343-44 (6th Cir. 2008) (explaining that the Supreme Court has not addressed whether the discovery rule, which tolls the statute of limitations until the Plaintiff is aware of the injury, applies in Title VII cases). The text of Title VII and the Supreme Court's interpretation of it focus exclusively on when the violation occurred. 42 U.S.C. § 2000e; Morgan, 536 U.S. at 110. Plaintiff's retaliation claim is not timely. WHBQ's Motion to Dismiss is **GRANTED**.

Roker alleges Title VII discrimination on the ground that he was treated differently than white employees at News Corporation, the parent company of Roker's former employer WHBQ-TV Fox 13, employees who also allegedly engaged in sexual

14

harassment, sexual misconduct, and sexual assault. (ECF No. 40 at 24.) The Court construes Plaintiff's claim to allege that News Corporation, through its subsidiary WHBQ-TV Fox 13, published negative news stories about him while refraining from publishing negative news stories about white employees accused of sexual misconduct. Regardless of the precise contours of Plaintiff's discrimination claim, it is time-barred for the same reasons as his retaliation claim. WHBQ's Motion to Dismiss Plaintiff's discrimination claim is **GRANTED.**

### 2. State-law Claims

Roker initially alleged four negligence claims under Title VII. (ECF No. 40 at 33-37.) He now concedes that those claims were improperly pled as Title VII claims. (ECF No. 76 at 15.) He voluntarily dismisses them and seeks to submit them as tort claims under Tennessee law. (Id.)

In addition to the recategorized Title VII claims, Roker alleges state-law claims for negligent infliction of emotional distress, defamation, libel, false-light invasion of privacy, breach of contract, unjust enrichment, and vicarious liability. As explained above, resolving the state-law claims after all federal claims have been dismissed would be an inappropriate use of pendent jurisdiction. The Court declines to exercise

15

jurisdiction over the state-law claims. They are **DISMISSED** without prejudice.

## V.    Conclusion

For the foregoing reasons, Plaintiff's Motion asking the Court to recognize WHBQ (Memphis), LLC as the same entity as Cox Media Group Northeast, LLC is **GRANTED**, Plaintiff's Motion to treat ECF No. 40 as the Operative Complaint is **GRANTED**, Plaintiff's Motion to Incorporate the Sixth Circuit's decision in Roker v. City of Memphis is **DENIED** as moot, Plaintiff's Motion to Compel Arbitration is **DENIED**, and WHBQ's Motion to Dismiss is **GRANTED** with prejudice as to Roker's federal claims against WHBQ and without prejudice as to Roker's state-law claims against WHBQ.

SO ORDERED this 6th day of January, 2023.

                                     /s/ *Samuel H. Mays, Jr.*
                                     SAMUEL H. MAYS, JR.
                                     UNITED STATES DISTRICT JUDGE