IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| DAMOND J. ROKER, SR. D/B/A BISHOP DJ ROKER A/K/A D.J. ROKER,  <br><br>  Plaintiff,  <br><br> v.  <br><br> FOX BROADCASTING COMPANY/FOX TELEVISION STATIONS, INC. D/B/A WHBQ-TV/FOX 13 (MEMPHIS), JEAN C. FUENTES, AND NEWS CORPORATION,  <br><br>  Defendants. | No. 21-cv-2411-SHM-tmp |

**ORDER**

This is an employment discrimination case. Plaintiff Damond J. Roker ("Roker") alleges federal claims under Title VII and a variety of tort claims under Tennessee law. (ECF No. 40.) Fox Broadcasting Company, Jean C. Fuentes, and News Corporation are the remaining Defendants. On January 6, 2023, Defendant WHBQ (Memphis), LLC ("WHBQ") was dismissed on the grounds that Roker's federal claims were time-barred and his state-law claims were not subject to the Court's jurisdiction. (ECF No. 133.) The January 6, 2023 Dismissal Order addressed only Roker's claims against WHBQ, the Defendant who brought the Motion. However, the

reasoning in that Order applies with equal force to the remaining Defendants.

A district court is required to dismiss a case at any time if the court determines that the action fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Although a pro se litigant is entitled to a liberal construction of his pleadings and filings, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Typically, before dismissal for failure to state a claim, the Court must afford notice or an opportunity to cure the deficiencies. LaFountain v. Harry, 716 F.3d 944, 951 (6th Cir. 2013). Leave to amend is not required when the deficiencies cannot be cured. Walton v. Doaks-Robertson, No. 19-5714, 2020 WL 3578488, at *4 (6th Cir. Feb. 28, 2020); see also Gonzalez-Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that ... amending the complaint would be futile, then a *sua sponte* dismissal may stand."); Curley v. Perry, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal

of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts.").

Roker's federal claims are time-barred. A litigant has 300 days from the time the alleged unlawful conduct occurred to file a claim. National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 110 (2002). Roker alleges the retaliatory news story on which he bases his claims was published between July 1, 2016, and July 31, 2016. (ECF No. 40 at 5.) He claims he filed a Letter of Complaint with the Equal Employment Opportunity Commission ("EEOC") on September 14, 2020. (ECF No. 76 at 9.) Additional pleadings will not change the fact that more than 300 days had elapsed between the conduct alleged and the filing of Roker's complaint. All of Roker's federal claims against the remaining Defendants are **DISMISSED** with prejudice.

A federal court that has dismissed all federal claims should not ordinarily reach state-law claims. Moon v. Harrison Piping Supply, 465 F.3d 719, 728 (6th Cir. 2006). As explained in the Court's January 6, 2023 Order (ECF No. 133), the balance of interests between avoiding needlessly resolving state-law claims and judicial economy does not favor exercising supplemental jurisdiction in this case. (ECF No. 133 at 4-6.)

In his complaint, Roker attempted to establish diversity jurisdiction, but he failed to allege the identity and residency

of each member of WHBQ. (ECF No. 40.) Because amendment could cure that deficiency, Roker is granted leave to amend his complaint to allege diversity jurisdiction over his state-law claims. Roker has twenty-one (21) days from the date this Order is filed to cure the deficiencies in the complaint. Otherwise, his state-law claims will be dismissed without prejudice.

For the foregoing reasons, Roker's federal claims against the remaining Defendants are **DISMISSED** with prejudice. Roker is **GRANTED** leave to amend his state-law claims. Failure to do so within 21 days from the entry of this Order will result in dismissal of those claims without prejudice.

So ordered this 9th day of January, 2023.

                                            /s/ *Samuel H. Mays, Jr.*
                                            SAMUEL H. MAYS, JR.
                                            UNITED STATES DISTRICT JUDGE