IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

|  |  |  |
|---|---|---|
| DAMOND J. ROKER, SR., D/B/A BISHOP DJ ROKER, A/K/A D.J. ROKER, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 21-cv-2411-SHM-tmp |
| TWENTIETH CENTURY FOX, FOX BROADCASTING COMPANY/FOX TELEVISION STATIONS, INC., JEAN C. FUENTES, NEWS CORPORATION, FOX ENTERTAINMENT GROUP, and WHBQ (MEMPHIS), LLC, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

---

ORDER

---

Before the Court are Defendant WHBQ (Memphis), LLC's ("WHBQ")[1] Motion for Reconsideration (ECF No. 140), Motions to Seal (ECF Nos. 63, 77, 79), Plaintiff Damond J. Roker, Sr.'s ("Roker") Motion to Compel (ECF No. 106), Roker's Motion to Amend (ECF No. 101), and Roker's Motions for Entry of Default and Entry of Default Judgment (ECF Nos. 102, 104, 107, 116.) For the following reasons, the Motion for Reconsideration is **GRANTED**, the Motions to Seal are **DENIED** as moot, the Motion to Compel is

---

[1] WHBQ is incorrectly referred to as Cox Media Group Northeast, LLC in Roker's Complaint and in subsequent filings.

**DENIED**, the Motion to Amend is **DENIED** as moot, and the Motions for Entry of Default and Default Judgment are **DENIED**. The Court sets aside the Entry of Default entered on May 18, 2022. (ECF No. 100.) On reconsideration, WHBQ's Motion to Dismiss is **GRANTED** on all claims except Roker's breach of contract claim. Roker's defamation, libel, and false-light invasion of privacy claims are **DISMISSED** *sua sponte* as to all Defendants. Roker is given leave to amend his negligence claims, unjust enrichment claim, and vicarious liability claim. Failure to do so will result in dismissal without further notice.

## I.   Background

On January 9, 2023, the Court dismissed Roker's federal claims against all Defendants. (ECF No. 134.) The Court found it lacked jurisdiction over Roker's state-law claims because it lacked grounds for exercising supplemental jurisdiction and Roker had not established diversity jurisdiction. (Id.) The Court granted Roker leave to amend to establish diversity. (Id.)

On January 30, 2023, WHBQ filed a Motion for Reconsideration, asking the Court to reconsider its January 9 Order on the ground that there has always been diversity jurisdiction in this case. (ECF No. 140 at 2.) Roker responded, agreeing that there was diversity jurisdiction, but contending the Court was correct to separate his federal and state-law claims. (ECF No. 142 at 2.) WHBQ filed a Motion for Leave to

File a Reply in Support of its Motion for Reconsideration. (ECF No. 143.) Roker filed a Motion for Leave to File a Response in Objection to WHBQ's Motion for Reconsideration. (ECF No. 148.) Both parties have attached their proposed filings.

## II. Jurisdiction

A district court has original jurisdiction of all civil actions between citizens of different states where the matter in controversy exceeds $75,000. 28 U.S.C. 1332(a)(1). The undisputed amount in controversy is at least $5,000,000. (ECF No. 40 at 41; ECF No. 140 at 3.) There is diversity of citizenship. Roker is a resident of Tennessee. (ECF No. 40 at 2.) Jean C. Fuentes is a resident of New York. (Id.) Twentieth Century Fox, Fox Broadcasting Company, Fox Entertainment Group, and News Corporation are all Delaware corporations with principal places of business in New York. (Id.) WHBQ is a Delaware limited liability company with its principal place of business in Georgia. (ECF No. 140-1.) WHBQ consists of a single member, which itself is a limited liability company consisting of yet another single-member limited liability company, which itself is yet another limited liability company consisting of a single member. (Id.) The single member of the final limited liability company is a corporation. (Id.) All of the limited liability companies and the corporation are organized under Delaware law with principal places of business in Georgia. (Id.) Because none of

the Defendants shares residency with the Plaintiff and the amount in controversy exceeds $75,000, the Court has diversity jurisdiction over Roker's state-law claims. Tennessee law applies.

### III. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When evaluating a motion to dismiss for failure to state a claim, a court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A court must construe the complaint in the light most favorable to the plaintiff and draw all reasonable inferences in his favor. Golf Vill. N., LLC v. City of Powell, 14 F.4th 611, 617 (6th Cir. 2021) (citing Cahoo v. SAS Analytics, Inc., 912 F.3d 887, 897 (6th Cir. 2019)).

A district court is required to dismiss a case at any time if the court determines that the action fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Although a *pro se* litigant is entitled to a liberal construction of his pleadings and filings, the standard remains that "a complaint must contain sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).

Typically, before dismissal for failure to state a claim, the Court must afford notice or an opportunity to cure the deficiencies. LaFountain v. Harry, 716 F.3d 944, 951 (6th Cir. 2013). Leave to amend is not required when the deficiencies cannot be cured. Walton v. Doaks-Robertson, No. 19-5714, 2020 WL 3578488, at *4 (6th Cir. Feb. 28, 2020); see also Gonzalez-Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that ... amending the complaint would be futile, then a *sua sponte* dismissal may stand."); Curley v. Perry, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts.").

## IV.  Analysis

### A. Motion for Reconsideration

The Court has considered the arguments in the proposed filings attached to WHBQ's Motion for Leave to File a Reply and Roker's Motion for Leave to File a Response. The parties agree

about diversity of citizenship and that the Court has diversity jurisdiction. The Court's independent analysis supports diversity.

District courts have authority under Rule 54(b) of the Federal Rules of Civil Procedure to reconsider interlocutory orders before entry of a final judgment. Rodriguez v. Tenn. Laborers Health & Welfare Fund, 89 Fed. App'x 949, 959 (6th Cir. 2004). Courts have traditionally justified reconsideration of an interlocutory order based on 1) an intervening change of controlling law, 2) new evidence, or 3) a need to correct a clear error. Id. Roker's complaint identified WHBQ's place of incorporation and principal place of business. It did not, however, identify the members of the limited liability company or include the members' respective citizenships. WHBQ's declaration identifying the members of the limited liability companies and the members' respective citizenships is new evidence warranting reconsideration. The Motion for Reconsideration is **GRANTED**.

### B. WHBQ's Motion to Dismiss

On January 6, 2023, the Court granted WHBQ's Motion to Dismiss Roker's federal claims and declined to exercise supplemental jurisdiction over Roker's state-law claims. (ECF No. 133.) Because diversity jurisdiction has been established,

the Court must consider WHBQ's Motion to Dismiss Roker's state-law claims.

1. **Negligence and Vicarious Liability Claims Initially Alleged Under Title VII**

Roker initially alleged four negligence claims under Title VII. (ECF No. 40 at 33-37.) He now concedes those claims were improperly pleaded as Title VII claims. (ECF No. 76 at 15.) Roker voluntarily dismisses them and submits them as tort claims under Tennessee law. (Id.)

Roker has failed to allege facts on which relief can be granted. A plaintiff claiming negligent supervision, hiring, retention, or failure to act must show the elements of a negligence claim, including, among other things, causation. Doe v. Catholic Bishop for Diocese of Memphis, 306 S.W.3d 712, 717 (Tenn. Ct. App. 2008). In Counts Three, Four, and Five of the Operative Complaint Roker makes conclusory statements that a failure to explain anti-discrimination policies thoroughly and conduct regular trainings caused his injuries. (ECF No. 40 at 33-36.) He does not allege any facts supporting the purported causal link.

Claim Six alleges negligent retention of employees who created, tolerated, and fostered a culture of discrimination. (Id. at 36.) A finding of negligent hiring, supervision, or

retention requires that the employer had knowledge of the employee's unfitness for the job. Doe, 306 S.W.3d at 717. The Complaint does not allege any facts showing that WHBQ had knowledge of a discriminatory culture. Claims Three, Four, Five, and Six are **DISMISSED** with prejudice as to WHBQ.

Vicarious liability transfers liability from an agent to a principal; it is not an independent cause of action. Johnson v. Synovus Bank, Civ. A. No. 2:14-cv-02950-STA-dkv, 2016 WL 1268311, at *2 n. 15 (W.D. Tenn. March 31, 2016). Because Plaintiff cannot succeed on any of the negligence claims discussed above, there is no underlying violation to support vicarious liability. Roker's vicarious liability claim against WHBQ is **DISMISSED** with prejudice.

## 2. Negligent Infliction of Emotional Distress

In negligent-inflicion-of-emotional-distress cases, Tennessee requires a plaintiff to substantiate his claim by showing a physical injury accompanying the emotional injury or medical or scientific proof that the emotional injury is severe. Flax v. DaimlerChrysler Corp., 272 S.W.3d 521, 528 (Tenn. 2008). The substantiation requirement "balances the goals of compensating victims and avoiding fraudulent claims." Id. Plaintiff claims he suffered "anxiety and depression, extreme emotional distress, including emotional trauma and post-

traumatic stress." (ECF No. 40 at 38.) He does not allege any physical injuries or any medical or scientific verification of his emotional injuries. The claim for negligent infliction of emotional distress against WHBQ is **DISMISSED** with prejudice.

### 3. Defamation, Libel, False-Light Invasion of Privacy

Roker claims that Defendants published multiple news stories about him discussing his 2006 arrest for domestic assault. (ECF No. 40 at 30.) Roker claims Defendants knew or should have known that the charges were dropped in 2008. (Id.) Roker also contends that several of the charges discussed in the July 2016 news stories were dismissed in August 2016. (Id.)

Roker's claims, which were filed in 2020 and address news articles published in 2016, are outside the one-year statute of limitation for libel, which is a form of defamation, and false-light invasion of privacy. Tenn. Code. Ann. § 28-3-104; Daniel v. Taylor, No. E2008-01248-COA-R3-CV, 2009 WL 774428, at *5 (Tenn. Ct. App. Mar. 25, 2009)(finding that false-light invasion of privacy claims are subject to the same statute of limitations as defamation claims). Although Tennessee recognizes the discovery rule, which tolls the statute of limitations until the plaintiff knows or should have known the details of the injury, Doe, 306 S.W.3d at 718, the discovery rule does not apply to defamation claims or false-light claims.

Ali v. Moore, 984 S.W.2d 224, 228 (Tenn. Ct. App. 1998)(citing
Applewhite v. Memphis State Univ., 495 S.W.2d 190, 195 (Tenn.
1973)); Daniel, 2009 WL 774428, at *5 (finding the discovery
rule does not apply to false-light claims because false-light
claims and defamation claims must be subject to the same
statute of limitations).

Plaintiff cites Sevier v. Turner, 742 F.2d 262, 272 (6th
Cir. 1984), to support application of the discovery rule. (ECF
No. 76 at 15.) Sevier addresses application of the rule to claims
under 42 U.S.C. § 1983. Sevier, 742 F.2d at 273. It is not
applicable here. Because the discovery rule does not apply,
Plaintiff's claims are time-barred.

Roker's defamation, libel, and false-light claims against
WHBQ are **DISMISSED** with prejudice.

### 4. Breach of Contract

Roker argues that, by publishing negative news stories
about him, Defendants breached the non-disparagement clause in
a 2004 settlement agreement among him, his then-employer Fox
Television Stations, Fox Television Stations' parent company
News Corporation, and Fox Television Stations' subsidiaries,
Fox Broadcasting Company, Fox Entertainment Group, Twentieth
Century Fox, and Fox News. (ECF No. 40 at 23.) His breach-of-

contract claim is challenged in WHBQ's Motion to Dismiss and Cox Media Group, LLC's Motion to Dismiss. (ECF Nos. 61, 65.)

WHBQ argues that Roker's breach-of-contract claim should be dismissed because the settlement agreement does not contain a non-disparagement clause. (ECF No. 65 at 20.) Thus, publishing the story did not violate any portion of the agreement. (Id.) WHQB has attached a copy of the agreement to its Motion to Dismiss. (ECF No. 65 at 32-40.) The Court is permitted to consider exhibits attached to a motion to dismiss if they are referenced in the Complaint and central to the claims contained in it. Bassett v. National Collegiate Athletic Ass'n, 528 F.3d 426, 430 (6th Cir. 2008). As Roker notes, the attached exhibit contains a discrepancy. (ECF No. 76 at 19.) Page Four ends with "The parties shall" and Page Five begins with "arbitrator." (ECF No. 65 at 35-36.) "The parties shall arbitrator." is not coherent. Because of that discrepancy, the Court cannot conclude, as WHBQ requests, that the exhibit proves the non-existence of the non-disparagement clause that forms the basis of Roker's claim. WHBQ's Motion to Dismiss Roker's breach-of-contract claim is **DENIED** without prejudice. WHBQ may re-file a corrected version of the agreement.

Cox Media Group, LLC challenges Rokers breach-of-contract claim. (ECF No. 62.) Cox Media Group, LLC has been dismissed from the case. (ECF No. 93.) Cox Media Group, LLC's Motion to

Dismiss Roker's breach-of-contract claim against it is **DENIED** as moot. Cox Media Group, LLC's Motion to Dismiss the non-contract claims against it is also **DENIED** as moot.

### 5. Unjust Enrichment

Roker claims that Defendants were unjustly enriched because of the news story they published about him. (ECF No. 40 at 39.) Tennessee law recognizes the doctrine of unjust enrichment in order to impose an obligation that ought to be recognized as a matter of justice and equity in the absence of an express contract. Jaffe v. Bolton, 817 S.W.2d 19, 26 (Tenn. Ct. App. 1991). The doctrine can only be invoked where no valid contract exists on the same subject matter. Id. The parties do not dispute that there is a valid contract covering the terms of Roker's 2004 settlement. Roker's unjust enrichment claim against WHBQ is **DISMISSED** with prejudice.

### C. Sua Sponte Dismissal

The deficiencies in Roker's Complaint discussed as to WHBQ apply with equal force to the remaining Defendants. Typically, before dismissal for failure to state a claim is ordered, notice or an opportunity to cure the deficiencies must be afforded. LaFountain, 716 F.3d at 951. However, leave to amend is not required when the deficiencies cannot be cured. Walton, 2020 WL 3578488, at *4; Gonzalez-Gonzalez, 257 F.3d at 37.

Roker's defamation, libel, and false-light invasion of privacy claims are time-barred. Because that deficiency cannot be cured, those claims are **DISMISSED** with prejudice as to all Defendants.

Roker's negligence claims, unjust enrichment claim, and vicarious liability claim fail to state a claim on which relief can be granted. Because amendment could cure those deficiencies, Roker is granted leave to amend his complaint as to those claims. Roker has twenty-one (21) days from the date this Order is filed to cure those deficiencies. Otherwise, those claims will be dismissed.

### D. Motions to Seal

WHBQ and Roker requested leave to file exhibits under seal pertaining to WHBQ's Motion to Dismiss. (ECF Nos. 63, 79.) Roker also requested leave to file portions of his response to Cox Media Group, LLC's Motion to Dismiss. (ECF No. 77.) The documents were filed under seal, and the Court has ruled on the Motions to Dismiss. The requests for leave to file exhibits under seal are **DENIED** as moot.

### E. Motion to Compel

Roker asks the Court to compel WHBQ to comply with the Federal Rules of Civil Procedure by notifying him of their court filings. (ECF No. 106.) Roker claims he was not notified when WHBQ filed a Response in Opposition to his Motion to

Amend. (Id.) WHBQ responded that it could not confirm whether it notified Roker because of a clerical error. (ECF No. 108.) WHBQ waived objection to granting Roker additional time to respond to the filing that precipitated the controversy, and Roker has since responded to that filing. (ECF No. 109.) The Motion to Compel is **DENIED** as moot.

### F. Motion to Amend

Roker filed a Motion to Amend to add additional defendants to his Complaint. (ECF No. 101.) Roker subsequently filed a Motion to Withdraw his Motion to Amend. (ECF No. 112.) The Motion to Withdraw is **GRANTED.** The Motion to Amend is **DENIED** as moot.

### G. Motions for Default and Default Judgment

On May 18, 2022, the Clerk entered default against Twentieth Century Fox, News Corporation, Fox Entertainment Group, and Jean C. Fuentes for failure to answer or otherwise defend. (ECF No. 100.) Roker filed a Motion for Entry of Default against Fox Broadcasting Company and Fox Television Stations (ECF No. 102), an Amended Motion for Entry of Default Judgment against Fox Broadcasting Company and Fox Television Stations (ECF No. 104), a Motion for Entry of Default Judgment Pursuant to ECF No. 100 (ECF No. 107), and another Motion for Entry of Default against Fox Broadcasting Company and Fox Television Stations (ECF No. 116.)

14

Under Federal Rule of Civil Procedure 55(c), the court may set aside a default for "good cause." The district court enjoys considerable latitude under the "good cause" standard. Waifersong, Ltd. v. Classic Music Vending, 976 F.2d 290, 292 (6th Cir. 1992). In determining whether good cause exists, the court may consider: "(1) [w]hether culpable conduct of the defendant led to the default, (2) [w]hether the defendant has a meritorious defense, and (3) [w]hether the plaintiff will be prejudiced." Waifersong, Ltd., 976 F.2d at 292.[2]

As discussed above, all but one of Roker's claims fail to state a claim or are time-barred. The strength of the Defendants' defenses weighs against entering default judgment. The prejudice to Roker is minimal because Roker has the opportunity to amend his claims to cure the deficiencies. Should he do so successfully, he can seek default at that time. Due to the strength of the defenses available and the minimal prejudice to Roker, the Court sets aside the default entered on May 18, 2022. Because the default is set aside, Roker's Motions for Default Judgment based on the May 18 default are **DENIED**.

---

[2] Waifersong considered setting aside a default judgment under Rule 60(b). However, in listing the factors to be considered, it noted that the factors to be considered for setting aside a default under Rule 55(c) are similar to those for setting aside a default judgment under Rule 60(b). Waifersong, Ltd., 976 F.2d at 292.

15

For the same reasons the Court sets aside the Clerk's Entry of Default, Roker's Motions for Entry of Default are **DENIED**.[3]

### H. Conclusion

For the foregoing reasons, the Motion for Reconsideration is **GRANTED**, the Motions to Seal are **DENIED** as moot, the Motion to Compel is **DENIED**, the Motion to Amend is **DENIED** as moot, and the Motions for Entry of Default and Default Judgment are **DENIED**. The Court sets aside the Entry of Default entered on May 18, 2022. (ECF No. 100.) Upon reconsideration, WHBQ's Motion to Dismiss is **GRANTED** as to all claims except Roker's breach-of-contract claim. Roker's defamation, libel, and false-light invasion of privacy claims are **DISMISSED** *sua sponte* as to all Defendants. Roker is given leave to amend his negligence claims, unjust enrichment claim, and vicarious liability claim. Roker has twenty-one (21) days from the date this Order is filed to amend his Complaint. Failure to do so will result in dismissal without further notice.

So ordered this 21st day of March, 2023.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

---

[3] An entry of default is based only on a party's failure to plead or otherwise defend the claims against it. Fed. R. Civ. P 55(a). To the extent necessary, the Court's denial of Roker's Motions for Entry of Default can be construed as entries of default that are immediately set aside pursuant to Rule 55(c).